UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. VILA, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-2011 MCE CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On March 31, 2020, the court screened plaintiff's complaint as the court is required to due under 28 U.S.C. § 1915A(a). Plaintiff's complaint was dismissed with leave to amend and plaintiff was given instructions as to the contents of his amended complaint. Plaintiff has filed an amended complaint which now must be screened.

As plaintiff now knows, the court must dismiss a complaint or portion thereof if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In his amended complaint, plaintiff asserts he was denied process due under the Fourteenth Amendment with respect to prisoner classification proceedings which resulted in plaintiff being retained in segregated housing. As plaintiff was informed in the last screening

order, in order to state a cognizable claim for violation of due process plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

Plaintiff alleges that while in segregated housing, plaintiff was denied privileges like use of a telephone and daily showers. Plaintiff does not indicate how long he was forced to remain in segregated housing pursuant to the order challenged.

Again, plaintiff fails to state an actionable claim. Loss of the privileges identified by plaintiff for short periods of time do not amount to atypical and significant hardship. See id. at 486 (30-day stay in segregated housing not atypical and significant hardship). By contrast, the Supreme Court has held that proceedings resulting in a prisoner being transferred to a "supermax" facility for an indefinite period where almost all human contact is prohibited and consideration for parole is not permitted created a protected liberty interest. Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005). At such proceedings, the process due under the Fourteenth Amendment includes notice of the factual basis leading to consideration for placement, a fair opportunity for rebuttal and a short statement of reasons as to why placement is warranted. Id. at 225-26.

For these reasons, plaintiff's amended complaint will be dismissed. Plaintiff will be granted one final opportunity to state an actionable claim in a second amended complaint. In order to state a claim upon which relief can be granted, plaintiff must point to facts indicating that as a direct result of his being retained in segregated housing on January 31, 2019 he was subjected to "atypical and significant hardship" as described above and, at the hearing, plaintiff was denied the procedural protections described in Wilkinson.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaint. See Loux v. Rhay, 375 F.2d

55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 14, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
merri2011.14(2)